WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—May, 1884.

### TIGHE V. NELSON.

*In the matter of the judicial settlement of the account of* HENRY C. NELSON, *executor of the will of* LAVINIA E. NICHOLS, *deceased.*

Testatrix, by her will, after bequeathing her piano, bedroom furniture, a portrait, etc., gave and devised, by the fourth clause, to P. the house in which she resided, "and also the following personal property *and* furniture therein," enumerating an arm chair, looking glass, mantel ornaments, etc., "and all my household furniture *and* effects not hereinbefore specifically bequeathed;" and, finally, gave all the rest and residue of the estate to T. and two others, in equal shares. The executor delivered to P., under the fourth clause, a pocket-book, a diamond stud, a gold thimble, and other articles *ejusdem generis,* of which T. claimed a share, under the residuary clause.—

*Held,* that P. was entitled thereto.

The phrases, "personal property *and* furniture," and "household furniture *and* effects," occurring together in a will—construed.

THE testatrix, by the *first* clause of her will, gave her piano to two young ladies; by the *second* clause she gave to one of those young ladies her best bureau, bed and bedding, wash stand and commode; by the *third* clause, to Elizabeth Maria Tighe the portrait of Mrs. Tighe's grandfather, and a picture of Richmond; by the *fourth* clause she gave and devised to Lavinia Nichols Pinckney her house and lot wherein she resided, "and also the following personal property *and* furniture therein, to wit, the arm chair in the parlor, looking glass, mantel ornaments, marble top center table, window shades, lace curtains, carpet on the par-

lor floor, and portrait of my late husband, Samuel C. Nichols, and all my household furniture and effects therein not hereinbefore specifically bequeathed."

The executor, in his account of proceedings, claimed as a credit the inventoried value of a pocket book, a diamond stud, two work boxes, a gold thimble, crochet and other needles, several photographs, a family bible, hair earrings and bracelet, a likeness of a gentleman, etc., having delivered them to Mrs. Pinckney, as bequeathed to her under said *fourth* clause.

Mrs. Tighe claimed the one third of the value of these articles under the residuary clause of the will, which gave all the rest and residue of the estate to her and two other persons, share and share alike.

M. S. COBB, *for executor.*

J. W. GILBERT and C. FROST, *for objector.*

THE SURROGATE.—I think the objection, relating to the claim of Mrs. Tighe to jewelry, pictures, etc., must be overruled. The testatrix specifically bequeathed a piano, certain articles of furniture, a certain portrait and a picture to persons named in her will. She then proceeded to bequeath certain "personal property *and* furniture" specifically to Mrs. Pinckney, among which were mantel ornaments and a portrait of her late husband, and also all her household furniture and effects in the house "not hereinbefore specifically bequeathed." She had, therefore, specifically bequeathed to others, as well as to Mrs Pinckney, articles which were mostly *ejusdem generis* with those covered by the objection. Her use of the phrase "personal property and fur-

niture" indicates that she distinguished between the two kinds of property, and I think she intended to maintain this distinction when she used the other phrase "household furniture and effects therein," and that, consequently, Mrs. Pinckney was entitled to all of the articles delivered to her.

The other objections raised have not been discussed, and I, therefore, regard them as abandoned.

Decreed accordingly.